UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STRIKE 3 HOLDINGS LLC,

    Plaintiff,

  v.          Case No. 23-CV-1152

JOHN DOE,

    Defendant.

# ORDER

  Strike 3 Holdings, LLC, "is the owner of award-winning, critically acclaimed adult motion pictures." (ECF No. 1, ¶ 2.) It alleges that a person using IP address 75.86.23.216 has infringed on 156 of its copyrights by both downloading its videos and making them available to others through the BitTorrent protocol. (ECF No. 1, ¶ 4.)

  It has allegedly traced the target IP address to a user in this district, and it asks the court to authorize discovery before the Rule 26(f) conference. Specifically, it asks the court to authorize service of a subpoena on Spectrum, the internet service provider associated with the target IP address, compelling it to disclose the "true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the

Complaint." (ECF No. 5-4 at 1); *see also Strike 3 Holdings, LLC v. Doe*, 448 U.S. App. D.C. 159, 161-62, 964 F.3d 1203, 1205-06 (2020) (discussing Strike 3 Holdings' methods).

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "The federal rules do not provide a standard for determining when a court may authorize discovery before the defendants have been served, and courts in this circuit are split." *Wuluvarana v. Doe*, No. 22-cv-982-PP, 2023 U.S. Dist. LEXIS 6449, at *9 (E.D. Wis. Jan. 13, 2023). Some courts have applied the irreparable harm standard applicable to a preliminary injunction. *See, e.g., Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009). The greater weight of authority, however, suggests that a good cause standard is appropriate. *See Wuluvarana*, 2023 U.S. Dist. LEXIS 6449, at *9 (discussing cases). The court is persuaded that good cause is the correct standard.

The type of suit presented here—a pornographer (or the holder of a copyright for a pornographic film) suing an unknown alleged copyright infringer—has led to abusive tactics in this district, *see, e.g., Malibu Media, LLC v. Doe*, No. 13-C-536, 2013 U.S. Dist. LEXIS 176701 (E.D. Wis. Dec. 12, 2013) (sanctioning plaintiff for attaching exhibits to its complaint that the court found were intended to embarrass the defendant and pressure a quick settlement), and around the country, *see, e.g., Ingenuity 13 LLC v. Doe*, No. 2:12-

cv-8333-ODW(JCx), 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013); *see also United States v. Hansmeier*, 988 F.3d 428 (8th Cir. 2021) (affirming 168 month sentence following attorney's conviction for perpetrating fraud based on the litigation strategy the plaintiff employs here). The stigma associated with being accused of having illegally downloaded a trove of pornography could lead even innocent persons into quick settlements, lest they be publicly named as a defendant. *See Strike 3 Holdings, LLC v. Doe*, No. 1:20-cv-06528, 2020 U.S. Dist. LEXIS 212539, at *3 (N.D. Ill. Nov. 13, 2020).

But a copyright holder's rights do not vary based on the nature of the copyrighted content. *Strike 3 Holdings*, 448 U.S. App. D.C. at 165, 964 F.3d at 1209. And it would be unfair to paint with a broad brush all copyright holders and attorneys who employ the techniques used here. *See* Gabe Freedman, *The Biggest Filer of Copyright Suits? This Erotica Website*, The New Yorker (May 14, 2014), https://www.newyorker.com/business/currency/the-biggest-filer-of-copyright-lawsuits-this-erotica-web-site. Strike 3 Holdings is obviously aware of the criticisms that have been leveled at its methods and has addressed many in its motion. (ECF No. 5.) The reality is that courts frequently must trust the good faith of attorneys. This is why, when that trust is abused, courts tend to punish it harshly. *See, e.g.*, *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267 (2d Cir. 2021); *Hansmeier*, 988 F.3d 428; *Lightspeed Media Corp. v. Smith*, 761 F.3d 699 (7th Cir. 2014).

Strike 3 Holdings seeks discovery so it can identify the subscriber associated with the target IP address. However, the subscriber is not necessarily the infringer. *Malibu Media, LLC v. Doe*, No. 18 C 450, 2018 U.S. Dist. LEXIS 207655, at *9 (N.D. Ill. Dec. 10, 2018). Many devices and individuals may share the same IP address. *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). An allegation that the defendant was the subscriber of an IP address involved in downloading a copyrighted work might not be sufficient to state a claim for copyright infringement. *See Strike 3 Holdings*, 2020 U.S. Dist. LEXIS 212539, at *2; *Malibu Media*, 2018 U.S. Dist. LEXIS 207655, at *7 (citing *AF Holdings LLC v. Rogers*, No. 12cv1519 BTM(BLM), 2013 U.S. Dist. LEXIS 11929, 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013); *Cobbler Nev.*, 901 F.3d at 1145); *but see Strike 3 Holdings*, 448 U.S. App. D.C. at 167, 964 F.3d at 1211 (noting that it was at least plausible that the subscriber was the infringer).

However, whether the discovery sought will, by itself, be sufficient to sustain a claim is not the standard for determining whether early discovery is appropriate. *See Strike 3 Holdings, LLC v. Doe*, 448 U.S. App. D.C. 159, 166, 964 F.3d 1203, 1210 (2020) ("As with all discovery requests, courts must look carefully to the complaint's allegations to determine if the requested discovery is relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1)."). Identifying the subscriber may be merely the first step in identifying the John Doe defendant. *See Cobbler Nev.*, 901 F.3d at 1145 (noting that

the court also authorized the plaintiff to depose the subscriber in an attempt to identify the alleged infringer).

Strike 3 Holdings has demonstrated good cause for its request for early discovery. It is entitled to pursue this action as a means of protecting its copyrights. There does not appear to be any other reasonable way for it to learn the identity of the John Doe defendant to litigate this action. In other words, this action cannot proceed without early discovery. Therefore, Strike 3 Holdings' "Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference" (ECF No. 5) is **granted**.

Strike 3 Holdings may serve the ISP with a Rule 45 subpoena commanding the ISP to provide it with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint.

Strike 3 Holdings shall attach to any such subpoena a copy of this Order.

If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the subscriber disclosed.

Strike 3 Holdings may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing its rights

as set forth in its Complaint.

    **SO ORDERED.**

  Dated at Milwaukee, Wisconsin this 20th day of September, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge
